Dated: 1/4/2022

A HEARING ON THIS MOTION WILL BE HELD ON FEBRUARY 7, 2022 AT 10:00AM VIA ZOOM VIDEO CONFERENCE. PARTIES SHOULD REFER TO THE COURT'S SEPTEMBER 23, 2021 ORDER FOR INFORMATION REGARDING PARTICIPATION IN THE HEARING, EXCEPT THAT THE NOTICES OF PARTICIPATION REQUIRED BY PARAGRAPH 6 MUST BE PROVIDED BY FEBRUARY 1, 2021.

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MASSACHUSETTS
## SPRINGFIELD DIVISION

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

In Re: Drake D. Dargon, Sr.,       \*
     Debtor                               \*     Ch. 7
                                        \*     20-30300-EDK

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

State of New Hampshire, Banking      \*
Department                                \*
     Plaintiff,                          \*
                                        \*
v.                                           \*     Adversary Proceeding No. 20-03017-EDK
                                        \*
Drake D. Dargon, Sr.,                 \*
     fka Daniel Paul Dargon,        \*
                                        \*
Defendant.                            \*
                                        \*

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## **MOTION FOR SUMMARY JUDGMENT**

Pursuant to Fed. R. Bank. P. 7056 and Fed. R. Civ. P. 56, Plaintiff State of New Hampshire Banking Department ("Plaintiff" or the "Department"), moves this Honorable Court for an entry of judgment in its favor on Count II of the Amended Adversary Complaint (Non-Dischargeability of Debt under 11 U.S.C. § 523(a)(7)). As grounds, Plaintiff states that there are no genuine issues of material fact and summary judgment is appropriate as a matter of law. Granting this motion is consistent with the First Circuit's ruling in *Richmond v. N.H. Supreme Court Committee on Prof. Conduct*, 542 F.3d 913, 917 (1st Cir. 2008) and consistent with the purpose of the Bankruptcy Code to give a fresh start to honest debtors and not as a haven for wrongdoers. The restitution payments in question were ordered to protect the deterrent and public protection goals of the Department. Granting this motion will ensure that the Defendant remains responsible for the restitution payments to the consumers he impacted. In further