UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
SPRINGFIELD DIVISION

| | |
|---|---|
| IN RE: )<br>)<br>   DRAKE D. DARGON, SR., )<br>   fka Daniel Paul Dargon, )<br>)<br>                      Debtor. )<br>)<br>STATE OF NEW HAMPSHIRE )<br>BANKING DEPARTMENT, )<br>)<br>                      Plaintiff, )<br>)<br>v. )<br>)<br>DRAKE D. DARGON, SR., )<br>fka Daniel Paul Dargon, )<br>)<br>                      Defendant. )<br>) | CHAPTER 7<br><br>CASE NO: 20-30300-EDK<br><br><br><br><br><br><br>ADVERSARY PROCEEDING<br><br>ADV. PRO. NO. 20-03017 |

**<u>DEFENDANT'S RESPONSE TO</u>**
**<u>PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT</u>**

Now comes the Debtor, DRAKE D. DARGON, SR., ("Dargon") in response to the Plaintiff's Motion for Summary Judgment and requests this Honorable Court deny Plaintiff's Motion for Summary Judgment on Count II of its Amended Adversary Complaint. Defendant asserts that there are no genuine issues of material fact, but Summary Judgment for Plaintiff is not appropriate as a matter of law.

Defendant agrees that the three-part test in *Richmond v. N.H. Supreme Court Committee on Prof. Responsibility,* 542 F.3d 917 should be used to determine whether a debt is non-dischargeable under 11 U.S.C. § 523(a)(7). However, the debt here is dischargeable because it does not meet the second and third part of the three-part test: that it is 'payable to and for the benefit of a governmental unit," and "not compensation for actual pecuniary loss.'

A. The restitution debt is not payable to and for the benefit of a governmental unit

The June 30, 2011 Final Order, Plaintiff's Exhibit 3, identifies consumers and requires Dargon to pay each of the identified consumers as identified in an Exhibit attached to the Final Order. (Exhibit 3 at 13). The Final Order additionally orders Dargon to list each consumer in the bankruptcy petition in the event Dargon files bankruptcy. "This will ensure that each Consumer will be notified of the bankruptcy filing so that he/she may protect one's own legal and interest and rights and be provided the opportunity to file a proof of claim in the the bankruptcy proceedings." (Exhibit 3 at 13). The Final Order, dated September 7, 2021, Plaintiff's Exhibit 2, upholds the Final Order of June 30, 2011, and orders Dargon to "provide notice of the bankruptcy proceeding to consumers entitled to restitiution." (Exhibit 2 at 7).

The Seventh Circuit in *In re Towers,* 162 F.3d 952 (7th Cir. 1998) held that a debt was dischargeable because "the restitution was not payable to and for the benefit of a governmental unit." See *In re Jensen,* 395 B.R. 472, 484 (2008) discussing *Towers*. Here, the restitution debt is to specific consumers, and not for the benefit of a governmental unit. The June 30 2011 Final Order is concerned that consumers may protect their own legal interests in the event of a bankruptcy filing.

B. The restitution debt is compensation for actual pecuniary loss.

The Final Order of June 30, 2011 provides "In the event that a consumer identified in this litigation produces evidence to the Department that a higher amount was paid to Dargon, the record shall be reopened to include this evidence and the higher amount is awarded…" (Exhibit 2 at 12). It is apparent that the restitution order is to compensate consumers for actual loss.

WHEREFORE, Dargon respectfully requests this Honorable Court:

A. Grant Plaintiff's Motion to Dismiss Count I of the Amended Adversary Complaint;

B. Deny Plaintiff's Motion for Summary Judgment on Count II of the Amended Adversary Complaint; and

C. Grant such other and further relief as may be deemed just and proper.

                                              Respectfully submitted,
THE DEFENDANT
DRAKE D. DARGON, SR.
By his attorney

Dated: January 23, 2022                /s/Eric D Kornblum
Eric D Kornblum, Esq.
94 North Street, Suite 402
Westfield, MA 01085
413-568-3900
Fax: 413-568-3955
BBO# 561614
E-mail: edkclientsbk@gmail.com

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| DRAKE D. DARGON, SR., | ) | CHAPTER 7 |
| fka Daniel Paul Dargon, | ) | |
| | ) | CASE NO: 20-30300-EDK |
| Debtor. | ) | |
| | ) | |
| STATE OF NEW HAMPSHIRE | ) | |
| BANKING DEPARTMENT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | ADVERSARY PROCEEDING |
| v. | ) | |
| | ) | ADV. PRO. NO. 20-03017 |
| DRAKE D. DARGON, SR., | ) | |
| fka Daniel Paul Dargon, | ) | |
| | ) | |
| Defendant. | ) | |

## CERTIFICATE OF SERVICE

I, Eric D. Kornblum, Esquire, state that on January 23, 2022, I electronically filed the foregoing Response with the United States Bankruptcy Court for the District of Massachusetts using the CM/ECF System. It is my understanding that notice of this filing will be provided by the CM/ECF System to the following CM/ECF participants:

    Office of the U.S. Trustee

    Laura D. Devine, Esq, counsel for New Hampshire Department of Justice

I certify that on January 23, 2022, I have mailed by first class mail, postage prepaid, the documents electronically filed with the Court on the following non CM/ECF participants.

Drake D. Dargon, Sr.
198 Hillside Road
Southwick, MA 01077

                                                                                                                      <u>Eric D Kornblum</u>
                                                                                                                      Eric D Kornblum, Esq.