# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF MASSACHUSETTS
# WESTERN DIVISION

|  |  |
|---|---|
| In re: | Chapter 7 |
| | Case No. 20-30300 |
| DRAKE D. DARGON, SR., | |
| Debtor. | |
| | |
| STATE OF NEW HAMPSHIRE, | Adversary Proceeding |
| BANKING DEPARTMENT, | No. 20-03017 |
| Plaintiff, | |
| v. | |
| DRAKE D. DARGON, SR., | |
| Defendant. | |

## MEMORANDUM OF DECISION

In New Hampshire, the duty to supervise nondepository residential mortgage brokers, loan originators, and small loan lenders and to ensure compliance with state and federal laws and regulations is assigned to the State of New Hampshire Banking Department, an executive state governmental agency (the "Department"). In 2010, the Department commenced an administrative proceeding against Drake D. Dargon, Sr., an attorney practicing in the state of New Hampshire and the debtor in the underlying Chapter 7 bankruptcy case (the "Debtor"), alleging that the Debtor engaged in unlicensed loan modifications and violated various provisions of RSA 399-D and RSA

1

397-A.[1]  In an Adjudicative Hearing Decision issued on February 14, 2011, the presiding officer ("Presiding Officer") found that the Debtor acted as a loan originator (while not exempt from licensure requirements), did actual work as an unlicensed loan originator, collected advance fees, and entered into impermissible best efforts contracts.  In a June 30, 2011 order (the "2011 Order"), the Presiding Officer assessed fines against the Debtor and awarded restitution to affected consumers in the total amount of $147,196.99.  Consistent with the Department's request, the restitution was to be forwarded to the Department within 14 days, paid via certified funds made payable to each individual identified in an attached list (the "Identified Consumers").

The 2011 Order provided an opportunity for reopening the record to adjust an Identified Consumer's restitution award if the consumer could provide evidence of additional payments to the Debtor that were not accounted for in the 2011 Order.  In August 2011, the 2011 Order was suspended when the Debtor moved for a rehearing.  The administrative proceedings then became inactive when the Debtor asserted his rights under the Servicemembers Civil Relief Act (50 U.S.C. app. §§ 501 *et seq.* (2011)) due to his active military duty.

On May 26, 2020, the Debtor filed a voluntary petition under Chapter 7 of the United States Bankruptcy Code.[2]  The initial Schedule E/F filed in the Debtor's bankruptcy case listed a claim held by the Department for an "administrative fine" in an unknown amount.[3]  The Department then filed the present adversary proceeding requesting a determination that the restitution award

---

[1] The Revised Statutes Annotated of the State of New Hampshire ("RSA") Chapter 399-D and Chapter 397-A (2011).

[2] *See* 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code" or the "Code").  All references to statutory sections are to provisions of the Bankruptcy Code unless otherwise stated.

[3] *See Currie v. Wells Fargo Bank, N.A. (In re Currie)*, Slip Copy, Bankr. No. 11-17349-JNF, Adv. No. 12-1009, 2013 WL 1305805, *1 n.1 (Bankr. D. Mass. March 28, 2013) ("The Court may take judicial notice of the documents in the debtor's file and those in the Court's own records.").

2

assessed against the Debtor in the 2011 Order is nondischargeable pursuant to §§ 523(a)(2)(A) and (a)(7) of the Bankruptcy Code.[4] Because the New Hampshire administrative action was not final, the parties were granted leave to proceed with the administrative proceeding and procure a final adjudication. On September 7, 2021, the Presiding Officer issued a final order (the "Final Order") upholding and giving full effect to the 2011 Order, including the restitution award. The Final Order also required the Debtor to list each Identified Consumer in his bankruptcy documents to ensure that the Identified Consumers had the opportunity to file a proof of claim and to otherwise protect their individual rights and interests. On October 25, 2021, the Debtor amended his creditor matrix and filed an amended Schedule E/F to include the names and addresses of over 70 additional creditors holding restitution claims in various amounts. The Final Order was not appealed and the restitution award remains unpaid.[5]

At the request of the Department, the claim under § 523(a)(2)(A) has been dismissed. Presently before the Court is a motion filed by the Department seeking summary judgment with regard to its claim for nondischargeability of the restitution award pursuant to § 523(a)(7), to which the Debtor has objected. After a hearing on the motion, the Court took the matter under advisement.

I.    DISCUSSION

Summary judgment as to a particular claim or defense should be granted if "the movant

---

[4] The Department's original complaint contained only one count seeking a determination of nondischargeabilty under § 523(a)(2)(A), but the Department was granted leave to amend its complaint to add the count under § 523(a)(7).

[5] At a hearing held before this Court on February 9, 2022, the Department stated that certain non-restitution fines assessed in the administrative proceeding also remain unpaid, but that the Department believed those fines were automatically deemed nondischargeable under the Bankruptcy Code. Accordingly, the dischargeability of the non-restitution fines is not presently before the Court.

3

shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a), made applicable by Fed. R. Bankr. P. 7056. Section 523(a)(7) excepts a debt from the bankruptcy discharge "to the extent such debt is for a fine, penalty, or forfeiture payable to and for the benefit of a governmental unit, and is not compensation for actual pecuniary loss, other than a tax penalty . . . ." 11 U.S.C. § 523(a)(7). Relying on the Final Order, the Department says that judgment should enter in its favor as a matter of law since the restitution award is a fine or a penalty, payable to and for the benefit of a governmental unit (the Department), and is not compensation for actual pecuniary loss. While the Debtor agrees that no material facts are in dispute, the Debtor argues that summary judgment for the Department is not appropriate since the Final Order requires the Debtor to pay restitution to the Identified Consumers and was intended to compensate them for actual pecuniary loss – therefore, the restitution award is not excepted from discharge under § 523(a)(7).

In *Kelly v. Robinson*, 479 U.S. 36 (1986), the Supreme Court held that the language in § 523(a)(7) is "subject to interpretation" and that "the text is only the starting point" when determining whether a debtor's obligation to pay restitution imposed in a state criminal proceeding as a condition of probation was for the benefit of a governmental unit and whether the restitution constituted compensation for actual pecuniary loss. *Kelly,* 479 U.S. at 43, 50. In that case, the debtor had been ordered to make monthly restitution payments to the State of Connecticut Office of Adult Probation (the "Probation Office") until the debtor's probation ended. *Id.* at 39. Soon after those payments commenced, the debtor filed a Chapter 7 bankruptcy case, listed the restitution obligation as a debt in her bankruptcy documents, received a discharge, and made no further restitution payments. *Id.* Despite being notified of and taking no action during debtor's Chapter 7 bankruptcy case, the Probation Office later asserted its position that the restitution

4

obligation was nondischargeable, prompting the debtor to file an adversary proceeding in the bankruptcy case seeking a determination that the obligation was discharged. *Id.* at 39-40. [6]

The Supreme Court recognized that its "interpretation of the Code also must reflect the basis for this judicial exception, a deep conviction that . . . [t]he right to formulate and enforce penal sanctions is an important aspect of the sovereignty retained by the States." *Id.* at 47. As a result, the Supreme Court concluded that because the decision to impose restitution involves the state's punitive and rehabilitative interests rather than the victims' request for compensation, criminal restitution orders are "for the benefit of" a governmental unit, are not assessed "for . . . compensation" of the victim, and therefore are excepted from discharge under § 523(a)(7). *Id.* at 53. Notably, in *Kelly*, the Supreme Court was not tasked with determining whether the restitution award was "payable to" a governmental unit for purposes of § 523(a)(7).

In *Richmond v. N.H. Supreme Court Committee On Prof. Conduct*, 542 F.3d 913 (1st Cir. 2008), the First Circuit Court of Appeals (the "First Circuit") articulated a three-part test which the parties agree this Court should apply to determine whether a restitution award is excepted from discharge under § 523(a)(7). In *Richmond,* the New Hampshire Supreme Court Committee On Professional Conduct (the "Committee") filed a complaint to have a cost assessment against a Chapter 7 debtor deemed nondischargeable under § 523(a)(7). *Richmond,* 542 F.3d at 915. The debtor, an attorney, had been ordered by the New Hampshire Supreme Court to reimburse the Committee for expenses incurred to investigate and bring disciplinary proceedings against the debtor. *Id.* at 916. The First Circuit interpreted § 523(a)(7) as requiring that the debt at issue be "(1) 'a fine, penalty, or forfeiture,' (2) 'payable to and for the benefit of a governmental unit,' and

---

[6] As the Supreme Court noted, the applicable Connecticut penal code did not provide for enforcement of a probation condition by the victim but did authorize the trial court to issue an arrest warrant for a defendant who violated a probation condition. *Kelly*, 479 U.S. at 40.

(3) 'not compensation for actual pecuniary loss" in order to be deemed nondischargeable. *Id.* at 917 (quoting *Whitehouse v. LaRoche*, 277 F. 3d 568, 573 (1st Cir. 2002)).  In *Richmond*, the parties had stipulated that the cost assessment was payable to and for the benefit of a governmental unit. *Id.*  Accordingly, the First Circuit focused on whether the first and third prongs of the test were satisfied and in doing so relied on the Supreme Court's direction in *Kelly* to "not be guided by a single sentence or member of a sentence, but look to the provisions of the whole law, and to its object and policy." *Id*. (quoting *Kelly*, 479 U.S. at 43-44).  Since the New Hampshire Supreme Court had discretion to award costs and did so based on the disciplined attorney's conduct and for deterrent and rehabilitative purposes, the First Circuit found that the cost assessment was a penalty and was not compensation for actual pecuniary loss for purposes of § 523(a)(7). *Id.* at 918-19, 921.  Accordingly, the *Richmond* court determined that the debt was nondischargeable. *Id.* at 921.

Here, the parties agree that the Debtor's restitution obligation constitutes a debt that is a "fine, penalty, or forfeiture" under § 523(a)(7), but disagree as to whether the second and third prongs of the *Richmond* test are satisfied.  With regard to the second prong, the Debtor disputes that the restitution award is "payable to and for the benefit of a governmental unit," because, unlike the criminal restitution payable to a state agency in *Kelly*, the Debtor was ordered in an administrative proceeding to pay restitution to the Identified Consumers.  In the absence of analogous binding case law, this Court must determine whether the Debtor's restitution obligation, required to be made payable directly to non-governmental entities, can be found to be "payable to and for the benefit of a governmental unit" for purposes of § 523(a)(7).

The Department argues that the First Circuit's reliance in *Richmond* on *Kelly* and the *U.S. Dept. of Hous. & Urban Dev. v. Cost Control Mktg & Sales Mgmt. of Va., Inc.*, 64 F.3d 920 (4th Cir. 1995) ("*CCMV*")  to interpret § 523(a)(7) requires the Court to look beyond the statute's text

6

and find that the Debtor's restitution obligation satisfies the second prong of the *Richmond* test because the restitution award benefits a governmental unit. Essentially, the Department implores this Court to interpret the "payable to" language as superfluous so long as a governmental unit receives a benefit from issuance of the fine, penalty, or forfeiture, as the bankruptcy court for the District of Colorado did in *Farmers Insurance Exchange v. Mills (In re Mills)*, 290 B.R. 822 (2003). In *Mills,* the bankruptcy court deemed a state court's order of restitution as part of a criminal sentence, but payable to an insurance company and not a governmental unit, to be nondischargeable under § 523(a)(7). *Mills*, 290 B.R. at 838. Notably, the criminal restitution obligation at issue in *Mills* was authorized under Colorado's restitution statutes, which provide that any criminal restitution order is a final civil judgment in favor of both the state and any victim and also relieve the state from collection action if the victim files the proper notice. *Id.* at 836.[7] Relying on the Supreme Court's dicta in *Kelly* that § 523(a)(7) may be applicable to entities that are not *per se* governmental units, and having determined that Congress and the Colorado legislature intended that all criminal restitution be deemed nondischargeable, the *Mills* court reasoned that, although it was payable to a private victim, the criminal restitution was imposed specifically to further the deterrence and rehabilitative goals of the state. *Id.* at 837. Because the state was tasked with principal enforcement of court restitution orders, the *Mills* court held that the restitution was "in effect payable to and for the benefit of a governmental unit" and nondischargeable under § 523(a)(7). *Id*.

The Debtor argues that this Court should follow the reasoning of the Seventh Circuit Court of Appeals (the "Seventh Circuit") in *In re Towers*, 162 F.3d 952 (7th Cir. 1998) and interpret the second prong of the *Richmond* test as containing two distinct requirements – that the restitution

---

[7] See Title 16 of the Colorado Revised Statutes ("C.R.S."), Article 18.5, 103(4)(a), 107 (2002).

7

award be *both* 1) payable to a governmental unit and 2) for the benefit of a governmental unit. *Towers*, 162 F.3d at 954-55.[8] The *Towers* case is a fitting backdrop to the split in authority, discussed by the bankruptcy court in *Tipsey McStumbles v. Griffin (In re Griffin)*, 491 B.R. 602, 605 (Bankr. S.D. Ga. 2013), as to whether a fine or penalty payable to a private litigant is dischargeable under the language of § 523(a)(7). Some courts, using a totality of circumstances approach, focus on the punitive versus compensatory purpose of the award, and have held that a benefit to the government alone determines whether the fine or penalty is "payable to and for the benefit of a governmental unit." *See Rose v. Gedeon (In re Gedeon),* 31 B.R. 942, 946 (Bankr. D. Colo. 1983) ("[the] civil contempt penalty ordered by the New Mexico court to be paid to the Plaintiff herein was a penalty imposed to uphold the dignity of the court and for the benefit of the court, thus nondischargeable under 523(a)(7)"); *Thruway Messenger Service, Inc. v. Marini (In re Marini),* 28 B.R. 262, 266 (Bankr. E.D.N.Y. 1983) (holding that the fact that a fine for contempt may be payable to a private litigant is not determinative of its dischargeability under § 523(a)(7); rather, "[t]he key is whether it [is] punitive or compensatory," and holding that punitive awards are nondischargeable).

Other courts, using a "plain meaning" approach, require that a fine or penalty be both payable to a governmental unit and for the benefit of a governmental unit, since the language of

---

[8] In *Towers*, an Illinois state court issued an order requiring the debtor to pay $210,000 in civil restitution to the Attorney General of Illinois (the "AG") for the benefit of the victims of the debtor's fraud. *Towers*, 162 F.3d at 955. Attached to the order was a list of the debtor's customers with amounts due to each. *Id.* at 953. While the Seventh Circuit easily found that the restitution order was a fine or penalty and not compensation for the government's actual pecuniary loss, the court had to "work through the language of § 523(a)(7)" and determine whether the restitution order payable to the AG was also for the benefit of a governmental unit. *Id.* at 954-55. After distinguishing the debtor's restitution obligation from the criminal restitution paid to and retained by the government in *Kelly* and the disgorgement order in *CCMV* (which was payable to HUD with no obligation to distribute funds to the debtor's victims), the Seventh Circuit held that the restitution obligation was payable to but not for the benefit of the AG and, therefore, was not excepted from discharge under § 523(a)(7). *Id.* at 955-56.

§ 523(a)(7) is unambiguous and written in the conjunctive. *See Hughes v. Sanders,* 469 F.3d 475 (6th Cir.2006) (finding that § 523(a)(7) requires that the "fine, penalty, or forfeiture" be payable to *and* for the benefit of a governmental unit) (emphasis in original); *Stein v. McDowell (In re McDowell),* 415 B.R. 612, 617 (Bankr. S.D. Fla. 2008) ("[S]ection 523(a)(7) unambiguously states that the debt must be payable to ***and*** for the benefit of a governmental unit . . . . The totality of the circumstances approach dispenses with the requirement that the debt be payable to a governmental unit by focusing only on the purpose of the fine, penalty, or forfeiture. However, the statute is not written in the disjunctive.") (emphasis in original).[9] In *Griffin*, the bankruptcy court adopted the plain meaning approach, holding that while a contempt award requiring the debtor to pay attorney fees to opposing counsel was payable for the benefit of a governmental unit, it was not payable *to* a governmental unit and therefore not excepted from discharge under § 523(a)(7). *Griffin*, 491 B.R. at 606.

In accordance with the Bankruptcy Code's "fresh start" policy, "the [e]xceptions to discharge are narrowly construed[,] . . . and, for that reason, the claimant must show that his 'claim comes squarely within an exception enumerated in Bankruptcy Code § 523(a).'" *Palmacci v. Umpierrez*, 121 F.3d 781, 786 (1st Cir. 1997) (quoting *Century 21 Balfour Real Estate v. Menna (In re Menna)*, 16 F.3d 7, 9 (1st Cir. 1994)). When interpreting provisions of the Bankruptcy Code, this Court must begin with the statutory language itself, which is where the Court should also end its inquiry when the statute's language is plain. *United States v. Ron Pair Enterprises, Inc.,* 489 U.S. 235, 241 (1989); *see also Lamie v. U.S. Trustee*, 540 U.S. 526, 534 (2004) ("It is

---

[9] *See also Oasis, Inc. v. Fiorillo (In re Fiorillo),* 2015 WL 1859052, 10-44179-MSH, Adv. No. 11–4001, *5 n.5 (Bankr. D. Mass. April 21, 2015) (indicating an adoption of the plain meaning approach to the interpretation of § 523(a)(7) by noting that the plaintiffs' belated invocation of § 523(a)(7) as grounds to deem the debtor's obligation to pay the plaintiff's legal fees and costs pursuant to a superior court's monetary sanction nondischargeable was futile, as the sanction "award was not payable to a governmental unit but to the plaintiffs").

9

well established that 'when the statute's language is plain, the sole function of the courts—at least where the disposition required by the text is not absurd—is to enforce it according to its terms.'").

This Court agrees with the rationale of the plain meaning approach – in order to be held nondischargeable under § 523(a)(7), the Court must separately find that a debt is both "payable to" *and* "for the benefit of" a governmental unit.  The Department argues that since the purpose of the restitution award is to protect the public and further the rehabilitative and/or deterrent goals of the government, the debt is for the benefit of a governmental unit and therefore satisfies the second prong of the *Richmond* test.  However, the Court is mindful of the lessons of Conjunction Junction and will not disregard the function of the conjunction "and" as the totality of the circumstances approach would require.[10]  This approach to § 523(a)(7) does not contravene the Supreme Court's rationale or holding in *Kelly*, which was concerned with federal court interference with state court criminal proceedings and addressed criminal restitution undisputedly payable to a governmental agency.

The Final Order is clear that the Debtor's restitution obligation is payable to the Identified Consumers, not to a governmental unit.  Further, by requiring the Debtor to provide individuals with notice of the bankruptcy filing in order to provide them with an opportunity to file a proof of claim and to preserve their respective individual rights and interests in any bankruptcy proceeding, the Final Order contemplates that the Identified Consumers, rather than a governmental unit, will enforce their respective restitution awards.[11]  The Debtor's restitution obligation is not payable to

---

[10] "Conjunction Junction" was the third episode of season 2 of the television series "Schoolhouse Rock!", which first aired on November 17, 1973 on ABC and explained use of conjunctions. Wikipedia, the Free Encyclopedia, Schoolhouse Rock!, at https://en.wikipedia.org/wiki/Schoolhouse_Rock! (last visited March 11, 2022).

[11] At the February 9, 2022 hearing, the Department stated that it did not believe it would file a proof of claim in the Debtor's case on account of the restitution award if an Identified Consumer failed to do so.

a governmental unit but to the Identified Consumers; accordingly the second prong of the *Richmond* test is not satisfied and the restitution award is not rendered nondischargeable pursuant to § 523(a)(7).[12]

## II. CONCLUSION

Because the Debtor's restitution obligation is not payable to a governmental unit, it does not fall within the § 523(a)(7) exception to discharge. Therefore, the Court will deny the Department's request for summary judgment on its § 523(a)(7) claim and summary judgment will be granted *sua sponte* in favor of the Debtor.[13] A separate Order and Judgment in conformity with this Memorandum will issue forthwith.

Dated: March 11, 2022

                                                             Elizabeth D. Katz
                                                             United States Bankruptcy Judge

---

[12] Because the Court has determined that the restitution award is not excepted from discharge as a debt "payable to" a governmental unit as required by § 523(a)(7), the Court does not, and need not, determine whether the award is for "the benefit of" a governmental unit or for "actual pecuniary loss" within the meaning of that section.

[13] Before granting summary judgment *sua sponte*, "two conditions precedent must be satisfied: (1) the case must be sufficiently advanced in terms of pretrial discovery for the summary judgment target to know what evidence likely can be mustered, and (2) the target must have received appropriate notice." *Ostrander v. Andre (In re Motta)*, 423 B.R. 393, 405 (Bankr. D. Mass.), *aff'd* 434 B.R. 193 (B.A.P. 1st Cir. 2010) (quoting *Rogan v. Menino*, 175 F.3d 75, 79 (1st Cir. 1999)). *Sua sponte* summary judgment is appropriate in this case as the parties agree that the Court has all the material facts before it. And, most importantly, at the February 9, 2022 hearing, the Department conceded that, should the Department's request for summary judgment be denied, judgment should be entered in favor of the Debtor.